IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01363-BNB

JUAN VIANEZ,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

---

ORDER OF DISMISSAL
AND TO SHOW CAUSE

---

      Plaintiff, Juan Vianez, is in the custody of the United States Bureau of Prisons and currently is incarcerated at ADX in Florence, Colorado.  Mr. Vianez initiated this action by filing *pro se* a pleading titled, "Criminal Complaint," ECF No. 1.  On May 20, 2014, Magistrate Judge Boyd N. Boland entered an order and directed Mr. Vianez to cure certain deficiencies in the pleading.  Specifically, Magistrate Judge Boland directed Plaintiff to submit his claims on a Court-approved form used in filing prisoner complaints.  Magistrate Judge Boland also directed Plaintiff to submit a request to proceed pursuant to 28 U.S.C. § 1915 on a proper form along with a certified account statement showing the current balance in his trust fund account.

      Magistrate Judge Boland warned Plaintiff that because in each of the four previous cases he has filed in this Court, *see Vianez v. Berkebile*, No. 13-cv-00028-LTB (D. Colo. Feb. 22, 2013); *Vianez v. Berkebile*, No. 12-cv-02038-LTB (D. Colo. Sept. 12, 2013); *Vianez v. District Court for Denver, Colo.*, No.13-cv-02662-LTB (D. Colo. Nov.

13, 2013); *Vianez v. State of Colo., et al.*, No. 14-cv-00164-LTB (D. Colo. Feb. 28, 2014), he has failed to comply with the Court's directives to cure the deficiencies, the Court would entertain imposing filing restrictions on Plaintiff.  Plaintiff now has failed to comply with the May 15 Order within the time allowed.  The action will be dismissed with prejudice for failure to cure the deficiencies and Plaintiff will be directed to show cause why he should not be subject to filing restrictions.

"[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam) (quoted in *Sieverding v. Colorado Bar Ass'n,* 469 F.3d 1340, 1343 (10th  Cir. 2006)).  Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate the activities of abusive litigants by entering orders that are "necessary or appropriate in aid of [the Court's] jurisdiction."  *See Winslow v. Hunter (In re Winslow),* 17 F.3d 314, 315 (10th Cir. 1994) (per curiam)*; Tripati,* 878 F.2d at 352.  "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances," *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986), and "where, as here, a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate," *In re Winslow,* 17 F.3d at 315.

The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process.  *Phillips v. Carey,* 638 F.2d 207, 209 (10th Cir. 1981).  These restrictions may be directed to provide limitations or conditions on the filing of future

2

suits. *Id.* Injunctions restricting further filings are appropriate where (1) the litigant's

lengthy and abusive history is set forth; (2) the court provides guidelines as to what the

litigant may do to obtain its permission to file an action; and (3) the litigant receives

notice and an opportunity to oppose the court's order before it is implemented. *Tripati*,

878 F.2d at 353-54.

The Court also notes that Plaintiff has filed civil complaints in several other

federal district courts, including the Central District of California, the Northern District of

California, the Southern District of Florida, District of Kansas, District of Nevada, Norther

District of Oklahoma, District of Oregon, Eastern and Western Districts of Washington,

and District of Arizona.[1]   In each of the cases Plaintiff filed in these various courts he

---

[1]  *See Vianez v. FNU LNU*, No. 14-cv-030128-SAC (D. Kan. Mar. 26, 2014)
(dismissed for failure to submit financial information and submit claims on a court form);
*Vianez v. Regional Director, et al.*, No. 14-cv-01379-UA-SP (C.D. Cal. Mar. 14, 2014)
(failed to submit *in forma pauperis* request and complaint is unintelligible); *Vianez v.
State of Cal., et al.*, No. 14-cv-01378-UA-SP (C.D. Cal. Mar. 13, 2014) (dismissed for
failure to submit *in forma pauperis* request and complaint is unintelligible); *Vianez v.
Clerk U.S. Court of Appeals for the Ninth Circuit*, No. 13-cv-08633-UA-SP (N.D. Cal.
Jan. 22, 2014) (dismissed for failure to provide certified account statement and claims
are frivolous, malicious, and fail to state a claim, constitutes strike under 28 U.S.C. §
1915); *Vianez v. Washington State Patrol*, No. 13-cv-05971-RJB (W.D. Wash. Jan. 22,
2014) (dismissed for failure either to pay filing fee or to submit an *in forma pauperis*
request); *Vianez v. FCIin State of Oregon*, No. 13-cv-01510-SI (D. Or. Jan. 16, 2014)
(dismissed for failure to provide certified account statement); *Vianez v. United States
District Court of Ariz.*, No. 13-cv-02310-RCB-BSB (D. Ariz. Jan. 9, 2014) (dismissed for
failure to pay the filing fee or submit a request to proceed *in forma pauperis* and to file
claims on court-approved form); *Vianez v. King County, et al.*, No. 13-cv-01898-RSL
(W.D. Wash. Dec. 11, 2013) (dismissed for failure to state cognizable § 1983 claim and
Plaintiff failed to submit certified account statement); *Vianez v. Washington State, et al.*,
No. 13-cv-05709-RJB (W.D. Wa. Dec. 4, 2013) (dismissed for failure to submit request
to proceed *in forma pauperis* and for asserting claims not cognizable in a § 1983
action); *Vianez v. Victorville, et al.*, No. 13-03588-PJH (N.D. Cal. Nov. 7, 2013)
(dismissed for failure to pay the filing fee or submit a request to proceed *in forma
pauperis*); *Vianez v. Victorville (USP), et al.*, No. 13-cv-03599-PJH (N.D. Cal. Nov. 7,
2013) (dismissed for failure to pay the filing fee or submit a request to proceed *in forma*

fails to use the Court-approved form for filing a prisoner complaint and either to pay the filing fee in full or submit a request, on a Court-approved form, to proceed pursuant to 28 U.S.C. § 1915. Furthermore, the claims Plaintiff asserts are prolix, vague, and unintelligible.

While this Court has an obligation to give *pro se* litigants wide latitude, *see Haines v. Kerner,* 404 U.S. 519 (1972), the Court cannot accept the filing of repetitious,

---

*pauperis*); *Vianez v. CCA*, No. 13-cv-01645-APG-VCF (D. Nev. Nov. 4, 2013) (dismissed for failure either to pay the filing fee or to submit a request to proceed *in forma pauperis* and for failure to file claims on complaint form); *Vianez v. District Court for Tacoma*, No. 13-cv-00315-JPH (E.D. Wash. Sept. 25, 2013) (dismissed for failure to pay the filing fee or to submit a request to proceed *in forma pauperis* and to name proper defendant); *Vianez v. McCarran, et al.*, No. 13-cv-01634-APG-PAL (D. Nev. Sept. 16, 2013) (dismissed for failure either to pay the filing fee or to submit a request to proceed *in forma pauperis* and for failure to file claims on complaint form); *Vianez v. State of Florida*, No. 13-cv-22675-MGC (S.D. Fla. Sept. 5, 2013) (dismissed for failure either to pay the filing fee or to submit a request to proceed *in forma pauperis* and for failure to assert viable claims); *Vianez v. Federal Correctional Institute*, No. 13-cv-01081-RCB-BSB (D. Ariz. July 25, 2013) (dismissed for failure either to pay the filing fee or to submit a request to proceed *in forma pauperis* and for failure to submit claims on court-approved form); *Vianez v. Ikuta, et al.*, No. 13-cv-01241-PJH (N.D. Cal. June 17, 2013) (dismissed for failure to file amended complaint and provide information about claims); *Vianez v. Berkebile*, No. 13-cv-02378-UA-SP (CD Cal. Apr. 25, 2013) (dismissed for failure either to pay the filing fee or to submit a request to proceed *in forma pauperis* and for lack of proper venue); *Vianez v. Bureau of Prisons*, No. 13-cv-00127-GKF-FHM (N.D. Okla. Mar. 5, 2013) (dismissed for improper venue); *Vianez v. Pierce County Jail, et al.*, No. 12-cv-05272-RJB (W.D. Wash. July 17, 2012) (dismissed for failure to correct deficiencies in complaint); *Vianez v. United States Penitentiary, Tucson, et al.*, No. 12-cv-00288-DCB-PSOT (D. Ariz. July 2, 1012) (dismissed for failure either to pay the filing fee or to submit a request to proceed *in forma pauperis* and for failure to submit claims on court-approved form); *Vianez v. Unites States Penitentiary, et al.*, No. 12-cv-00324-DCB-PSOT (D. Ariz. June 26, 2012 (dismissed for failure either to pay the filing fee or to submit a request to proceed *in forma pauperis* and for failure to submit claims on court-approved form); *Vianez v. Unites States Penitentiary, et al.*, No. 12-cv-00325-DCB-PSOT (D. Ariz. June 19, 2012 (dismissed for failure either to pay the filing fee or to submit a request to proceed *in forma pauperis* and for failure to submit claims on court-approved form); *Vianez, et al., v. Apek*, No. 12-cv-00366-DCB-PSOT (D. Ariz. May 25, 2012) (dismissed for failure to sign complaint).

meritless lawsuits.  Given Plaintiff's history and his attempt in this case to continue his

filing of prolix, vague, and unintelligible pleadings, the Court will direct Plaintiff to show

cause why he should not be enjoined from filing any future *pro se* actions in this Court

that are deficient, not submitted to the Court on proper Court-approved forms, and are

prolix, vague, and unintelligible.

Plaintiff will be ENJOINED from proceeding as a plaintiff in an original

proceeding unless he is represented by a licensed attorney admitted to practice in this

Court or unless he first obtains permission to proceed *pro se*.  To obtain permission to

proceed *pro se*, Plaintiff must take the following steps:

1.  File a motion titled, "Motion Pursuant to Court Order Seeking Leave to File a Pro Se Action";

2.  Attach to the motion a copy of the injunction that imposes these recommended filing restrictions;

3.  Attach to the Motion a list of all civil actions Plaintiff currently has pending or has filed in all federal district courts, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each proceeding;

4.  Attach to the Motion a completed Court-approved prisoner complaint form and either pay the $400 filing fee, or in the alternative submit a request to proceed pursuant to 28 U.S.C. § 1915 on a form that is approved by this Court and applicable to the action being filed, and attach a certified inmate account statement as required;

5.  Attach to the Motion a notarized affidavit that certifies Plaintiff has not presented the same claims in another federal district court, that the claims are not frivolous or taken in bad faith, that the lawsuit is not interposed for any improper purpose to harass or cause unnecessary delay, and that the filling complies with this injunction, the Fed. R. Civ. P. 8, all other provisions of the Federal Rules of Civil, and the Local Rules of Practice of the United States District

Court for the District of Colorado.

This Court has the power to impose still further sanctions such as costs, attorney fees, and double costs for the filing of frivolous actions, as well as an outright ban on certain proceedings, whether *pro se* or counseled.  Fed. R. Civ. P. 11.  Based on Plaintiff's continuing vexatious litigation, and the Court's need to deter repetition of his conduct, *see* Rule 11(c)(4), the Court warns Plaintiff that the Court will assess Plaintiff a $400 monetary sanction and strike the filings if he submits any future filings that do not comply with these restrictions.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States* , 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that based on the above findings the Complaint and action are dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to cure all deficiencies and for failure to prosecute.  It is

FURTHER ORDERED that Plaintiff show cause why the United States District Court for the District of Colorado should not enjoin him from filing any future *pro se* actions in this Court as set forth above.  It is

FURTHER ORDERED that Plaintiff shall file a Response to this Order to Show Cause within thirty days of the date of the Order.  It is

6

FURTHER ORDERED that if Plaintiff fails to respond within thirty days an order enjoining him from filing future *pro se* pleadings as described above shall be entered by this Court.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED July 1, 2014, at Denver, Colorado.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court