IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01363-LTB

JUAN VIANEZ,

    Plaintiff

v.

UNITED STATES OF AMERICA,

    Defendant.

---

IMPOSITION OF FILING RESTRICTIONS

---

On July 1, 2014, the Court ordered Plaintiff, Juan Vianez, to respond and show cause within thirty days why he should not be enjoined from proceeding as a plaintiff in an original proceeding, unless he submits a completed Court-approved prisoner complaint form and either pays the $400 filing fee for a complaint or a $5 filing fee for a habeas, or requests leave to proceed pursuant to 28 U.S.C. § 1915 on a form that is approved by this Court and is applicable to the action being filed, and attaches a certified account statement.  On July 30, 2014, Plaintiff filed a twenty-five page pleading titled "Objection to Dismissal Quod Permittent."  The pleading objects to the dismissal of this case and includes a complaint and 28 U.S.C. § 1915 motion that are not on proper Court-approved forms, and two filings that appear to address other cases Plaintiff has filed in this Court.  The Court construes the pleading in part as a Motion to Reconsider the dismissal and in part as a Response to the July 1 Order to Show Cause.

The Court first will address Plaintiff's Motion to Reconsider the dismissal.  A litigant subject to an adverse judgment who seeks reconsideration by the district court of

that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Plaintiff's Motion pursuant to Rule 59(e) because it was filed within twenty-eight days after the dismissal was entered in this action on July 1, 2014. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

In the Motion, Plaintiff contends that (1) he was not provided with the Court's documentation; (2) he does not have any law books; (3) he does not waive his right to use the prison computer; (4) he is a victim of many kidnappings; and (5) prison staff has a history of "not providing inmates with proper facility," e.g. access to the law library. Plaintiff further contends that the Court has not determined his cases are frivolous and refuses to recognize his "Declaration of forma pauperis statuse [sic]," so that he may proceed pursuant to § 1915. Finally, Plaintiff asserts that he did not file a civil suit in this

case and has provided all the information the Court needs to proceed with his 28 U.S.C. § 2241.

Nothing Plaintiff asserts supports a finding by this Court that the July 1, 2014 dismissal should be reconsidered.  First, Plaintiff's claim that the Court failed to provide documents to him, apparently Court-approved forms, is meritless.  In the May 20, 2014 Order to Cure Deficiencies, Plaintiff was directed to obtain Court-approved forms, with the assistance of his case manager or a prison legal assistant, from this Court's website at [www.cod.wusourts.gov.](www.cod.wusourts.gov.)  Plaintiff does not assert that he requested the forms from prison staff that he needs to file an action in this Court and his request was denied.  The only claim he asserts in the Motion to Reconsider is that he is denied access to the law library.  Furthermore, only after the Court has entered an order dismissing this action and directing Plaintiff to show cause why he should not be sanctioned does he claim he does not have access to court-approved forms.

Plaintiff has had sufficient opportunity in this case, and in the other cases he filed in this Court that he also failed to submit his claims and a request to proceed pursuant to 28 U.S.C. § 1915 on Court-approved forms, to inform the Court he was unable to obtain the forms he needs to comply with the Court's orders.  Plaintiff's claims are incredible and do not support a finding that the dismissal order should be reconsidered.

Second, Plaintiff has failed to file any document in any of his cases in this Court that address his inability to pay.  Plaintiff's claim that the Court fails to recognize his declaration of forma pauperis status is meritless.  Plaintiff, however, did not file a declaration in this action.  Nonetheless, Plaintiff's declaration would not have been considered by the Court unless it was presented to the Court on a Court-approved form.

3

Pursuant to D.C.COLO.L.CivR 5.1(c), a *pro se* party shall use the forms established by the Court to file a pleading. Federal Rule Civil Procedure 83(a)(2) allows a federal district court's local rules to be enforced.

Third, the complaint form and the § 1915 form Plaintiff has included with the Motion to Reconsider are not on Court-approved forms. They also are not submitted within the time allowed, and the claims stated in the complaint are prolix, vague, and unintelligible.

A *pro se* pleading is held to a less stringent standard than those drafted by attorneys," *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but, a plaintiff's *pro se* status does not entitle him to an application of different rules, *see Montoya v. Chao*, 296 F.3d 952, 958 (10th Cir. 2002). Plaintiff is responsible for the management of his cases and proper processing of his filings. The Court, therefore, will deny Plaintiff's Motion because he fails to demonstrate that the Court misapprehended the facts, his position, or the controlling law and that reinstatement of this action is deserving.

The Court also has reviewed the Response. Plaintiff's Response is conclusory and vague. Nothing he asserts addresses why he should not be subject to filing restrictions based on the findings in the July 1, 2014 Order. This Court agrees with Magistrate Judge Boland that because Plaintiff has been directed in each of the six actions he now has filed in this Court that he must file his complaint on a Court-approved form and submit either a request to proceed pursuant to 28 U.S.C. § 1915 or pay the filing fee in full, but yet has failed to comply, he either is incapable of complying with this Court's order or is maliciously and purposely filing nonsensical pleadings in an

4

attempt to abuse the federal judiciary system.  Whether he is incapable or malicious, Plaintiff's refusal to comply with Court directives to utilize Court-approved forms is abusive.

"[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."  *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam).  "Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances."  *See Andrews v. Heaton,* 483 F,3d 1070, 1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar. Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati*, 878 F.2d at 351.  "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances," *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir. 1986), and "where, as here, a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate," *In re Winslow,* 17 F.3d 314, 315 (10th Cir. 1994).

Filing restrictions, therefore, are appropriate in this case, as provided for in *Tripati*, 878 F.2d at 351.  Plaintiff has a lengthy and abusive history, and the Court has provided a guideline to him to obtain permission to file civil actions in this Court, of which he received notice and an opportunity to oppose before it is implemented.  *Tripati*, 878 F.2d at 353-54.

Therefore, it is ORDERED that to obtain permission to proceed *pro se*, Plaintiff must take the following steps:

1. File a motion titled, "Motion Pursuant to Court Order Seeking Leave to File a Pro Se Action;"

2. Attach to the Motion a copy of the injunction that imposes these recommended filing restrictions;

3. Attach to the Motion a completed Court-approved prisoner complaint or habeas form and either pay the $400 filing fee for a complaint or a $5 filing fee for a habeas, or in the alternative submit a request to proceed pursuant to 28 U.S.C. § 1915 on a form that is approved by this Court and applicable to the action being filed, and attach a certified inmate account statement as required;

4. Attach a list of all prisoner complaints and 28 U.S.C. § 2241 actions Plaintiff currently has pending or has filed in all federal district courts;

5. Attach a notarized affidavit that certifies Plaintiff has not presented the same claims in another federal district court, that the claims are not frivolous or taken in bad faith, that the lawsuit is not interposed for any improper purpose to harass or cause unnecessary delay, and that the filing complies with this injunction, the Fed. R. Civ. P. 8, all other provisions of the Federal Rules of Civil, and the Local Rules of Practice of the United States District Court for the District of Colorado.

It is FURTHER ORDERED that this Court has the power to impose still further sanctions such as costs, attorney fees, and double costs for the filing of frivolous actions, as well as an outright ban on certain proceedings, whether *pro se* or counseled. Fed. R. Civ. P. 11. Based on Plaintiff's continuing vexatious litigation, and the Court's need to deter repetition of his conduct, *see* Rule 11(c)(4), the Court will assess Plaintiff a $400 monetary sanction and strike the filings if he submits any future filings that do not comply with these restrictions. It is

FURTHER ORDERED that any case transferred to this Court from another federal court because venue is proper in this Court also will be ordered stricken and a monetary sanction of $400 assessed against Plaintiff.  It is

FURTHER ORDERED that Plaintiff's construed Motion to Reconsider, ECF No. 6, is denied.

DATED at Denver, Colorado, this  12th  day of   August            , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court